UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK CHARLES                                              CIVIL ACTION

VERSUS                                                    NO. 07-1933

MARLIN GUSMAN                                             SECTION: "B"(3)

### ORDER AND REASONS

Plaintiff, Mark Charles, a state prisoner, filed this civil rights complaint against Orleans Parish Criminal Sheriff Marlin Gusman. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

Sheriff Gusman has filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).[2] Plaintiff was ordered to file a memorandum in opposition to that motion,[3] but he has not done so.

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). In deciding a Rule 12(c) motion, a federal court must "accept the complaint's well-pleaded facts as true

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 22. Gusman alternatively moved for summary judgment pursuant to Fed.R.Civ.P. 56. Because the Court finds that he is entitled to judgment pursuant to Rule 12(c), it is unnecessary to consider the alternative motion.

[3] Rec. Doc. 23. Plaintiff's opposition was due on or before December 5, 2007.

and view them in the light most favorable to plaintiff." Id. Nevertheless, the plaintiff still "must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level ...." Guidry v. American Public Life Insurance Co., No. 07-30085, 2007 WL 4465254, at *2 (5th Cir. Dec. 21, 2007) (citations and quotation marks omitted). Further, a federal court will not accept as true "conclusory allegations or unwarranted deductions of fact." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002) (citation and quotation marks omitted). Simply put, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." Id. at 312 (textual alteration omitted).

In response to Sheriff Gusman's motion, plaintiff filed neither a memorandum in opposition nor a motion for leave to file an amended complaint. Therefore, the only statement of his claim appears in his original complaint, in which he alleged:

> I was arrested 1/11/07 and was brought to the hospital for a broken left arm, a cast was put on and I was brought to Central lock up, upon my booking I had perscpitiors [sic] for pain from the hospital. I was put on a medical facility in which I never received any of my medical pain pills, motrin 600 mg, ordered by the doctor from the hospital for 30 days or more. I also missed a follow up in which I never went to on 1/29/07 at the hospital in which my cast was put on. I repeatedly cried to the Medical Department for pain pills and never recieved [sic] any attention. I was forced to fill out a sick call form on several occasions in which money was taken from my account for every one in which my perscription [sic] should have been filled immediatedly [sic] and today is 3/10/07 and I haven't been to a follow up yet.[4]

---

[4] Rec. Doc. 1, pp. 3-4.

In his motion, Sheriff Gusman argues that the claim against him must be dismissed because there is no allegation that he was *personally involved* in the incidents giving rise to plaintiff's claim. Sheriff Gusman is correct.

"Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  Further, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions:  The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).  In this case, plaintiff has made no allegations whatsoever against Sheriff Gusman, much less alleged that he personally denied plaintiff pain medication or medical treatment.  In light of that fact, as well as the fact that Gusman cannot be held vicariously liable for the actions or inactions of his employees,[5] plaintiff's claim against Gusman necessarily fails.  See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999) (dismissing a claim pursuant to Rule 12(b)(6) where there was no allegation of personal involvement).[6]

---

[5] An official cannot be held liable pursuant 42 U.S.C. § 1983 under any theory of vicarious liability.  Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.").

[6] Plaintiff does not specify in his complaint whether he is suing Gusman in his individual or official capacity.  Gusman has assumed that he is being sued in his individual capacity, and this Court is operating under that same assumption.  However, if plaintiff meant to assert an official-capacity claim, that claim would clearly fail for the following reasons.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, an official-capacity claim against Gusman would in reality be a claim against the local governmental body itself.  However, in order to hold a local governmental body accountable for a constitutional violation, a plaintiff must allege that (1) an employee of the local

Accordingly, Sheriff Marlin Gusman's unopposed motion for judgment on the pleadings is **GRANTED** and the claim against him is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this second day of January, 2008.

                                              **DANIEL E. KNOWLES, III**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). Plaintiff does not allege that the purported constitutional violations in this case resulted from an official policy or custom.